IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

> ELECTRONICALLY
> FILED
> Feb 19 2020
> U.S. DISTRICT COURT
> Northern District of WV

**LOIS A. TITCHNELL,**

    **Plaintiff,**

**v.**                                        Docket No.: 1:20-cv-____30 (Kleeh)_____

**WAL-MART STORES EAST, LP,**

    **Defendant.**

## COMPLAINT

    **NOW COMES** the Plaintiff, Lois A. Titchnell, by counsel Dino S. Colombo and Kala L. Sowers, who for her Complaint against the Defendant, Wal-Mart Stores East, LP, states and avers as follows:

### JURISDICTION AND VENUE

1. Upon information and belief, Wal-Mart Stores East, LP ("Wal-Mart") is a limited partnership in the retail trade business, that is incorporated in the State of Delaware with its principal place of business in the State of Arkansas.

2. Defendant Wal-Mart has numerous stores throughout the State of West Virginia, and conducts business within the State of West Virginia.

3. The Plaintiff, Lois Titchnell, maintains her principal residence in Philippi, Barbour County, West Virginia.

4. Defendant Wal-Mart maintains the Wal-Mart Supercenter (#1544) located at 550 Emily Drive Clarksburg, Harrison County, West Virginia 26301.

5. On January 30, 2019, The Plaintiff, Lois Titchnell, was a patron of the Wal-Mart store located in Clarksburg, West Virginia, when she slipped due to wet floors in the entrance

area of the store, causing her to fall and sustain serious and significant injuries, including a broken hip.

6. Based on the foregoing, the United States District Court for the Northern District of West Virginia has personal and subject matter jurisdiction over the civil action initiated by this Complaint.

## GENERAL ALLEGATIONS

7. The allegations contained in paragraphs one (1) through six (6) above are reiterated and reincorporated as though fully rewritten herein, and Plaintiff further alleges:

8. On January 30, 2019, at approximately 9:45 a.m., Lois Titchnell went to the Wal-Mart Supercenter (#1544) in Clarksburg, West Virginia for the purpose of shopping at the location.

9. At the aforesaid date and time, Lois Titchnell was in the process of getting a shopping cart in the entryway of the Wal-Mart Supercenter (#1544) when she fell due to wet floors.

10. As a direct and proximate result of the subject fall, Lois Titchnell sustained severe and significant injuries, including a broken hip which required surgical repair, and she incurred various medical expenses.

## COUNT I – NEGLIGENCE

11. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through ten (10) above as though fully rewritten herein, and Plaintiff further alleges:

12. Defendant Wal-Mart, by and through its agents, servants and employees, owed a duty of care to its customers, including Lois Titchnell, to maintain its premises and provide a reasonably safe area for customers and patrons.

13. Defendant Wal-Mart breached this duty because it:

2

(a) Failed to maintain its premises, including its entrance, in a reasonably safe condition;

(b) Failed to warn Ms. Titchnell, its customer who was lawfully on the premises, of the dangerous condition;

(c) Allowed the premises to remain in an unsafe and dangerous condition for customers; and

(d) Failed to take any action to make the unsafe and dangerous condition safe until after Ms. Titchnell needlessly slipped and fell.

14. As a result of Wal-Mart's failure to maintain its premises in a reasonably safe condition, and failure to ensure its premises was free from dangerous conditions, the Plaintiff, Lois Titchnell, was seriously injured, causing her to incur substantial physical and emotional injuries as well as causing her to incur significant medical expenses.

**WHEREFORE**, Plaintiff Lois Titchnell requests judgment against the Defendant, including but not limited to damages caused by the conduct of the Defendant as follows: All compensatory damages recoverable under West Virginia law, including, but not limited to:

a.  Past physical and emotional pain and suffering;

b.  Past mental anguish, emotional distress, annoyance, and inconvenience;

c.  Future physical and emotional pain and suffering;

d.  Future mental anguish, emotional distress, annoyance, and inconvenience;

e.  Past medical expenses;

f.  Future medical expenses;

g.  Past Loss of Enjoyment of Life; and

h.  Future Loss of Enjoyment of Life;

3

and for any and all other relief to which Plaintiff is entitled by law, including but not limited to, pre- and post-judgment interest on all amounts, attorneys' fees, any other damages in an amount to be determined by the Jury upon proper proof presented at trial, and for such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

> **LOIS A. TITCHNELL,**
> **Plaintiff,**
> **By Counsel,**
>
> /s/ Kala L. Sowers_____
> **Dino S. Colombo (WV Bar No. 5066)**
> **Kala L. Sowers (WV Bar No. 11350)**
> Colombo Law
> 341 Chaplin Road, 2nd Floor
> Morgantown, WV 26501
> (304) 599-4229