```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                    CLARKSBURG
```

**LOIS A. TITCHNELL,**

      **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:20cv30**
                                                         **(KLEEH)**

**WAL-MART STORES EAST, LP,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT WAL-MART STORES EAST, LP'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 21]**

      Pending before the Court is Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment [ECF No. 21]. For the reasons discussed below, the Court denies the motion.

                  **I.**      <u>**PROCEDURAL HISTORY**</u>

      On February 19, 2020, Plaintiff Lois A. Titchnell ("Plaintiff") filed a complaint against Defendant Wal-Mart Stores East, LP, ("Defendant") alleging a negligence cause of action seeking alleged damages caused by her slip and fall at the Clarksburg, West Virginia, Wal-Mart store (the "store" or "Wal-Mart store"). Compl., ECF No. 1. In her complaint, Plaintiff requests all compensatory damages available to her under West Virginia law. <u>Id.</u> Defendant timely answered the complaint on March 16, 2020. ECF No. 5. Discovery ensued, including various depositions of parties and witnesses. Defendant now moves for summary judgment against Plaintiff, arguing that it is entitled to judgment as a matter of law because the puddle of water in the

store was "open and obvious." ECF No. 21. The matter is fully briefed and ripe for decision.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)). This Court views the evidence in the light most favorable to Plaintiff, the non-moving party, and draws any reasonable inferences in Plaintiff's favor. See Fed. R. Civ.

P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

### III. FACTS

At the summary judgment stage, the Court considers the facts in the light most favorable to the non-moving party. See Scott v. Harris, 550 U.S. 372, 378 (2007) (At summary judgment posture, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." (internal quotations and revisions omitted)); see also Rhoades v. County Commission of Marion County, Civil Action No. 1:18-CV-186, 2020 WL 807528, at *1 (N.D.W. Va. Feb. 18, 2020).

This is a slip and fall case that occurred at the Wal-Mart store on Emily Drive in Clarksburg, West Virginia, on January 30, 2019. Compl., ECF No. 1, ¶¶ 7-10. Lois Titchnell ("Plaintiff") was 75 years old when she entered the Wal-Mart store and slipped and fell on the wet floor just beyond the entrance. Id. Plaintiff sustained a broken hip from the fall, that required a $55,000 surgery. The weather conditions that day were cold, snowy, and "kind of sloppy." ECF No. 22-4, Pl. Dep. 25:21-24, 35:7-11.

On the date of the incident, Plaintiff walked in the first set of sliding doors of the Wal-Mart store entrance, noticed mats on the ground, and walked more slowly because of the inclement

weather. Pl. Dep. 26:1-28:24. She observed water being tracked into the store. Id. at 26:14-21. As she continued through the second set of the entrance sliding doors, she turned left toward the shopping carts, stepped off the mat and onto the tile floor "in water and ice on the floor." Id. at 29:2-15. She fell on her left side. Id. Once Plaintiff walked through the second set of sliding doors, and before she turned left toward the shopping carts, she did not see anything on the floor. Id. at 29:2-5.

After she fell, Plaintiff "saw the water on the floor," noting that it "looked like a muddy puddle," likely a "foot long and probably eight inches wide." Id. at 29:14-18, 31:11-14. The puddle was located on the tile between the mat and the buggies. Id. at 29:2-30:7. Plaintiff only identified the hazard after she had fallen because she was not looking down before she stepped into the puddle. Id. at 30:1-7. Plaintiff submits that nothing else was blocking her view of the puddle. Id. at 30:1-31:20.

Plaintiff alleges negligence as the sole cause of action in the complaint, specifically seeking all compensatory damages available under West Virginia law, such as past and future physical and emotional pain and suffering; past and future mental anguish, emotional distress, annoyance, and inconvenience; past and future medical expenses; and past and future loss of enjoyment of life. Compl., ECF No. 1.

**Titchnell v. Wal-Mart**                                                    **1:20cv30**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT WAL-MART STORES EAST, LP'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 21]**

## IV.  DISCUSSION

In its Motion for Summary Judgment, Defendant argues that it is entitled to judgment as a matter of law because Plaintiff cannot establish a legal duty owed and breached by Defendant, specifically a duty of care to warn and protect Plaintiff from a puddle of water that Defendant claims was "open and obvious" to patrons in the Wal-Mart store.

### A. Duty of Care – Open and Obvious

Defendant asserts that the puddle of water in the Wal-Mart store was "open and obvious." See Burdette v. Burdette, 127 S.E.2d 249 (W. Va. 1962). "Open and obvious" is a legal doctrine codified by West Virginia Code § 55-7-28(a):

> a possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

It is well-settled West Virginia law that the owner or occupant of a premises - the Defendant Wal-Mart - owes to an invited person - the Plaintiff - the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition. See Syl. Pt. 2, Burdette. However, "the statute does not preclude liability as a matter of law . . . where there is a material question of fact as to whether the danger was open and

5

obvious." Medley v. Lowe's Home Centers, LLC, 1:18-CV-224, 2020 WL 2616399 at *2 (N.D.W. Va. May 22, 2020) (internal citation omitted). As discussed below, there remains a material question of fact as to whether the puddle of water on which Plaintiff slipped and fell was open and obvious.

Defendant relies on Senkus v. Moore, 535 S.E.2d 724 (W. Va. 2000), wherein the Supreme Court of Appeals of West Virginia upheld a circuit court's ruling of summary judgment in favor of the defendants in an alleged negligence "trip and fall" property defect case. In Senkus, the plaintiff tripped over a scale located in plain view in the hallway of defendant's veterinary hospital. Id. at 726. The Court upheld the circuit court's finding that the scale in the hallway was an open and obvious hazard in plain view to all veterinary hospital patrons and that the plaintiff failed to show how the placement of the scale in the hallway breached any duty owed to the plaintiff "or that it was inherently dangerous or unsafe." Id. at 727.

Defendant also argues that this case warrants summary judgment like Aitcheson v. Dolgencorp, LLC., No. 3:18-CV-174, 2020 WL 411037 (N.D.W. Va. Jan. 24, 2020), aff'd sub nom. Aitcheson v. Dolgencorp, LLC, 830 F. App'x 723 (4th Cir. 2020). That case also presents facts that are not analogous to the facts here. In Aitcheson, the United States District Court for the Northern

District of West Virginia considered a negligence claim by a plaintiff who tripped over an eight-foot ladder which had fallen across the defendant store's entrance. Id. at *1. After an analysis of West Virginia's "open and obvious" rule, the Court granted the defendant summary judgment, finding: "No genuine issue of material fact exists in the present case. . . .[T]he ladder was an open, obvious and reasonably apparent hazard to incoming patrons." Id. at *5.

Plaintiff Titchnell responds, relying on Medley v. Lowe's Home Centers, LLC, 1:18-CV-224, 2020 WL 2616399 at *2 (N.D. W. Va. May 22, 2020), where the Court found there was a factual dispute about the size and appearance of the pothole in which the plaintiff fell, and whether the plaintiff failed to look effectively before she fell. Id. at *2-3. The defendant in Medley alleged open and obvious there, too. Id.

Finding there remains a genuine dispute of material fact as to whether the water puddle was open and obvious, the Court denies the motion [ECF No. 21]. The obviousness of an eight-foot ladder or veterinary clinic scale, as discussed above, and a puddle of water on the floor is an incongruent set of facts, one that is a triable question of fact for the jury to determine. Plaintiff testified that she knew there was inclement weather, and that she was walking carefully because of that knowledge, but she also

submits that she did not see the water puddle on the floor in the area where she fell until <u>after</u> she had fallen. Pl. Dep. 29:14-18, 31:11-14. There is video evidence from which a reasonable juror could conclude that, as Plaintiff walked through the second entrance, she was not looking at the floor, and therefore did not see the water puddle. See ECF No. 22-3, Exhibit 3 to Response. A reasonable juror could also conclude from the same video that the puddle of ice and water was not "readily apparent" considering all of the factual circumstances including the color of the floor tile. Because a reasonable juror could conclude that the puddle of water was a hidden – or at least difficult to appreciate - danger, one that was not an open, obvious, and reasonably apparent hazard to incoming patrons, Defendant fails to show that it is entitled to judgment as a matter of law on Plaintiff's negligence claim. The disputed facts and the inferences that can be drawn from them require jury resolution.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion for Summary Judgment [ECF No. 21]. The final pretrial and settlement conference remains scheduled for **June 18, 2021** at **2:00 p.m.** The trial in this matter will begin at **9:30 a.m.** on **July 7, 2021**, at the **Clarksburg, West Virginia**, point of holding court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

DATED: April 26, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE